JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709
SARA B. VARGAS
sara.vargas@usdoj.gov
Special Assistant United States Attorney
DANIEL J. COWHIG
Assistant United States Attorney
daniel.cowhig@usdoj.gov
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FEREIDOUN KHALILIAN,<br><br>Defendant. | No. 2:23-cr-222-RFB-NJK<br><br>**Binding Plea Agreement Pursuant to Fed. R. Crim. 11(c)(1)(C) for Defendant Fereidoun Khalilian** |

This plea agreement between Fereidoun Khalilian ("defendant") and the United States Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement regarding the criminal charges referenced herein and the applicable sentences and fines in the above-captioned case. **This is a binding agreement pursuant to Federal Rule Criminal Procedures 11(c)(1)(C).** The government and the defendant agree that a 24-month custodial sentence followed by a 3-year terms of supervised release is appropriate in this case. If the district court accepts the plea agreement, it will be obligated to impose the agreed-upon sentence. This agreement binds defendant, the USAO, and the district court and does not bind the U.S.

Probation Office, or any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not prohibit the USAO or any agency or third party from seeking any other civil or administrative remedies, including administrative forfeiture or civil forfeiture *in rem* actions, directly or indirectly against defendant or defendant's property.

This agreement becomes effective upon signature by defendant, defendant's counsel, and an Assistant United States Attorney. This plea agreement supersedes all prior offers and agreements, which are hereby rescinded.

## I. DEFENDANT'S OBLIGATIONS

1. Defendant agrees to:

a. At the earliest opportunity requested by the USAO and provided by the district court, appear and plead guilty to Count Two of the Indictment in this case, which charges defendant with Conspiracy to Witness Tamper in violation of 18 U.S.C. §§ 371 and 1512(b)(1);

b. Stipulate to the facts agreed to in this agreement;

c. Abide by all agreements regarding sentencing contained in this agreement;

d. Not seek to withdraw defendant's guilty plea once it is entered;

e. Not request release or seek to modify the existing pre-trial order of detention;

f. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

g. Not commit any federal, state, or local crime;

h. Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

i. Before and after sentencing, upon request by the Court, the USAO, or the Probation Office, provide accurate and complete financial information, submit sworn statements, and give depositions under oath concerning defendant's assets and defendant's ability to pay. As part of the required disclosure, defendant agrees to provide any and all financial information and authorizations, including foreign bank accounts in defendant's name and those not in defendant's name but fully or partially funded by defendant, as requested by the Probation Office for preparation of the Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is authorized to obtain defendant's credit report. Defendant will also complete a financial form provided by the USAO, to include all supporting documentation, and return it to the USAO within three (3) weeks from entry of the plea. Defendant agrees that the district court may enter any order necessary to effectuate or facilitate disclosure of defendant's financial information.

j. To facilitate payment of any fine, restitution, or assessment, surrender assets defendant obtained directly or indirectly as a result of defendant's crimes. Defendant agrees to voluntarily release funds and property under defendant's control or in which defendant has any property interest, before and after sentencing, to pay any fine or restitution identified in this agreement, agreed to by the parties, or ordered by the Court.

k. Agree to and not oppose the imposition of the mandatory conditions of supervision set out in U.S.S.G. § 5D1.3(a), the standard conditions of supervision set out in U.S.S.G. § 5D1.3(c), and the following discretionary or special conditions of probation or supervised release:

i. No Victim or Witness Contact – You must not contact J.E., M.S., A.A. or their families by any means, directly or indirectly through a third party. You must stay at least 100 feet away from J.E.'s, M.S.'s and A.A.'s persons, workplaces, homes, and vehicles,

and those of their family members and you must not request that any third party come within 100 feet of J.E.'s, M.S.'s and A.A.'s persons, workplaces, homes, or vehicles, and those of their family members.

ii. No Controlled Substances – You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and you must follow the instructions on the prescription.

iii. Drug Testing – You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed 104 tests per year. You must not attempt to obstruct or tamper with the testing methods.

iv. Search and Seizure – You must submit your person, property, house, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

## II. THE USAO'S OBLIGATIONS

2. The USAO agrees to:

a. Stipulate to facts agreed to in this agreement;

b. Abide by all agreements regarding sentencing contained in this agreement;

c. At sentencing, move to dismiss the remaining count of the indictment as against defendant. Defendant agrees, however, that the district court may consider any dismissed charges in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed; and

d. Not bring any additional charges against defendant arising out of the factual basis set forth in this agreement. However, the USAO reserves the right to prosecute defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371). Defendant agrees that the district court at sentencing may consider any uncharged conduct in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

## III. ELEMENTS OF THE OFFENSE

3. The elements of Conspiracy to Witness Tamper under 18 U.S.C. §§ 371 and 1512(b)(1) are as follows:

First: Between approximately August 17 and approximately September 12, 2023, there was an agreement between two or more persons to commit Witness Tampering under 18 U.S.C. § 1512(b)(1), as charged in the indictment;

Second: The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it;

Third: One of the members of the conspiracy performed at least one overt act on or after August 17, 2023, for the purpose of carrying out the conspiracy;

Fourth: The defendant knowingly attempted to corruptly persuade another person, and;

Fifth: The defendant did so with the intent to influence, delay, or prevent the testimony of any person in an official proceeding.

Ninth Circuit Manual of Model Criminal Jury Instructions § 11.1 (2023); *United States v. Khatami*, 280 F.3d 907, 912 (9th Cir. 2002). "Attempting to persuade a witness to give false testimony and bribing a witness to withhold information are both forms of non-coercive conduct that fall within the reach of the statute." *Id.* at 913.

## IV. CONSEQUENCES OF CONVICTION

4. Maximum Statutory Penalties: Defendant understands that the statutory maximum sentence the district court can impose for a violation of 18 U.S.C. §§ 371 and 1512(b)(1), as charged in Count Two, is 5 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5. Parole Abolished: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

6. Supervised Release: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Factors under 18 U.S.C. § 3553: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence. However, the statutory maximum sentence limits the district court's discretion in determining defendant's sentence.

8. Potential Collateral Consequences of Conviction: Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the district court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Potential Removal/Deportation Consequences of Conviction: Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The district court cannot advise defendant fully regarding the immigration consequences of the felony conviction in this case, but defendant's attorney has advised him about the deportation risks of his guilty plea. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## V. FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable doubt. Defendant further acknowledges that defendant's admissions and declarations of fact set forth below satisfy every element of the charged offense. Defendant waives any potential future claim that the facts defendant admitted below are insufficient to satisfy the elements of the charged offense. Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

a. Defendant Fereidoun Khalilian, who sometimes uses the nicknames "Prince Fred" or "Fred," admits that between approximately August 17 and approximately September 12, 2023, in the State and Federal District of Nevada and elsewhere, he committed the crime of Conspiracy to Witness Tamper in violation of 18 U.S.C. §§ 371 and 1512(b)(1).

b. Defendant Khalilian admits that between approximately August 17 and approximately September 12, 2023, he, together with S.K., T.J., G.R. and P.N., and other persons known and unknown, conspired and agreed with each other to knowingly attempt to corruptly persuade another person, namely M.S., with the intent to influence, delay, or prevent M.S.'s testimony in a then-ongoing official proceeding, namely defendant Khalilian's federal criminal trial in the Central District of California. Defendant Khalilian admits that he became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

c. Defendant Khalilian admits that among other overt acts in furtherance of that conspiracy, while he was detained at the Metropolitan Detention Center – Los Angeles (MDC-LA) pending trial he used the telephone access code assigned to another inmate to call

S.K. on several occasions. Defendant Khalilian admits that during one such call from MDC-LA to S.K. on August 18, 2023, he instructed S.K. to initiate a 3-party call with T.J., and that S.K. complied with his instructions. Defendant Khalilian admits that during that 3-party call he asked T.J. to contact M.S. for the purpose of persuading M.S. to change his testimony. Defendant Khalilian admits that T.J. repeatedly contacted M.S. in a series of attempts to persuade M.S. to change his testimony. Defendant Kahlilian admits that during one such call on August 30, 2023, T.J. told M.S. that defendant Khalilian would pay M.S. four hundred thousand dollars ($400,000) to change his testimony so that the case against defendant Khalilian would be dismissed.

## VI. SENTENCING FACTORS

11. Discretionary Nature of Sentencing Guidelines: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Offense Level Calculations: The parties jointly agree and stipulate that, in calculating defendant's advisory guidelines sentencing range, the Court should use the following base offense level and adjustments; acknowledge that these stipulations do not bind the district court; and agree that they will not seek to apply or advocate for the use of any other base offense

level(s) or any other specific offense characteristics, enhancements, or reductions in calculating the advisory guidelines range:

| | |
|---|---|
| Base Offense Level, U.S.S.G. § 2X3.1(a)(1) and 2J1.2(c)(1): | 26 |
| Total Offense Level: | 26 |

13. No Reduction for Acceptance of Responsibility: The parties jointly agree and stipulate that because defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, defendant is ineligible for a downward adjustment for acceptance of responsibility under USSG § 3E1.1.

14. Criminal History Category: Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

15. Additional Sentencing Information: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed

to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty plea.

16. Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional information as it calculates the sentencing guidelines range and makes other sentencing determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty plea.

## VII. POSITIONS REGARDING SENTENCING

17. **This is a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).** The parties will jointly recommend that the district court sentence defendant to a 24-month term of custody, followed by a 3-year term of supervised release. In the event that a 24-month term of custody is outside defendant's advisory Guideline range as determined by the district court, the parties will jointly request a variance to a 24-month term of custody. In agreeing to this sentencing recommendation, the parties have taken into consideration all the factors set forth in 18 U.S.C. § 3553(a) and conclude that a sentence of time served as of the date of sentencing is a reasonable sentence. The parties understand and the defendant acknowledges that, if the district court accepts this binding plea agreement, this recommended sentence will be binding on the district court pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C). Either part may withdraw from this Plea Agreement in the event that the district court informs the parties that the district court rejects this binding Plea Agreement. *See* Fed. R. Crim. P. 11(c)(1)(5).

18. If the district court rejects this binding Plea Agreement, defendant is advised that (a) the district court is not required to follow the plea agreement; (b) both defendant and the

USAO have the opportunity to withdraw from the plea; and (c) if he plea is not withdrawn, the district court may dispose of the case less favorably toward the defendant than the plea agreement contemplated, pursuant to Fed. R. Crim. P. 11(c)(1)(A)-(C). Defendant acknowledges, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, the district court does not have to follow the recommendation of either party.

19. Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

20. If defendant commits any act that results in the Court finding that defendant is not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a). In any such event, Defendant remains bound by the provisions of this agreement and shall not have the right to withdraw defendant's guilty plea.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

21. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty;

b. The right to a speedy and public trial by jury;

c. The right to be represented by counsel – and if necessary have the court appoint counsel – at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding;

d. The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

e. The right to confront and cross-examine witnesses against defendant;

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

h. The right to pursue any affirmative defenses; Fourth Amendment or Fifth Amendment claims; any other pretrial motions that have been filed or could be filed; and challenges to any adverse pre-trial rulings.

## IX. WAIVER OF RETURN OF DIGITAL DATA

22. Understanding that the investigating agency has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the agency may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

## X. WAIVER OF APPELLATE RIGHTS

23. Waiver of Appellate Rights: Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the statutory maximum term of imprisonment; (b) the right to appeal the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction, including but not limited to the constitutionality of the statutes of conviction; any other aspect of the sentence, including but not limited to the constitutionality of any imposed conditions of supervised release; and any order of restitution or forfeiture.

24. Defendant reserves only the right to appeal any portion of the sentence that is above the statutory maximum term of imprisonment.

25. Waiver of Post-Conviction Rights: Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

26. Preservation of Evidence: Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

## XI.
## RESULT OF WITHDRAWAL OF GUILTY PLEA OR VACATUR, REVERSAL, OR SET-ASIDE OF CONVICTION

27. Consequence of Withdrawal of Guilty Plea: Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than the district court rejecting the binding plea agreement or a claim and finding that entry into this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

28. Consequence of Vacatur, Reversal, or Set-Aside: Defendant agrees that if defendant's conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement, except that, should the USAO choose to pursue the charge of conviction and any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

**XII. BREACH OF AGREEMENT**

29. Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty plea; and (b) the USAO will be relieved of all its obligations under this agreement.

30. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge contained in the indictment, or that was either dismissed or not filed as a result of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## XIII.
## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

31. Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

32. Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

33. Defendant understands that, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, the district court may ignore any sentencing recommendation, find facts or reach conclusions different from those agreed to by the

parties, or impose any sentence up to the maximum established by statute, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, no one – not the prosecutor, defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

34. Defendant acknowledges that:

a. Defendant read this agreement and defendant understands its terms and conditions.

b. Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

c. Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

d. Defendant understands the terms of this agreement and voluntarily agrees to those terms.

e. Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. § 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

f. The representations contained in this agreement are true and correct, including the factual basis for defendant's offense set forth in this agreement.

g. Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

35. Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty plea knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

36. Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the USAO, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

37. Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

38. Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charges and chooses to take advantage of the promises set forth in this agreement and for no other reason.

## XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

39. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

JASON M. FRIERSON
United States Attorney

DANIEL J. COWHIG — 7/15/24

SARA B. VARGAS — Date
Special Assistant United States Attorney

7-15-24

FEREIDOUN KHALILIAN — Date
Defendant

7/15/24

JONATHAN AMINOFF — Date
Deputy Federal Public Defender
Attorney for Defendant Fereidoun Khalilian